UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                        Case No. 23-cr-20008
                                                Honorable Judith E. Levy

vs.

Cruz Castellanos,

        Defendant.

## Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its undersigned attorneys, together with the defendant Cruz Castellanos ("defendant"), by and through his attorney, Abed Hammoud, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

1.    An Information was filed on January 3, 2023, which charged the defendant with Count One, Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1, PageID.1).

2.    The Indictment sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(a) and provided notice to defendant of the government's intention to seek forfeiture of all proceeds, direct or indirect, or property traceable thereto, all property that facilitated the commission of the violations alleged, or

property traceable thereto, and all property involved in, or property traceable thereto, of the violations set forth in the Information. (ECF No. 1, PageID.2).

3. As part of his Rule 11 Plea Agreement, the defendant agreed to forfeit to the United States any and all property that constitutes or is derived from proceeds traceable to defendant's violation(s) of Title 21 as alleged in Count One of the Information, and/or constitutes property used, or intended to be used to commit, or to facilitate, the commission of such violation(s), including, but not limited to the following:

- Smith & Wesson .357 revolver;
- Bersa Sa 40 Cal handgun;
- Two 40 cal rounds of ammunition;
- R-Guns .223 rifle;
- 29 .223 rounds of ammunition;
- Short barrel Draco 9mm;
- 9mm Draco magazine;
- $70,000 U.S. Currency; and
- A 9mm magazine

(ECF No. 11, PageID.28-29).

4. As part of this Stipulation, the defendant acknowledges that the Bureau of Alcohol, Tobacco, Firearms and Explosives has administratively forfeited the following property ("Administratively Forfeited Property"):

- R-Guns TRR-15 5.56mm Caliber Rifle, Magazine and Ammunition, VL: $1,103.00;
- Smith & Wesson 66-4 .357 Caliber Revolver; and
- $70,000.00 U.S. Currency.

and therefore, the government will not be seeking a judicial forfeiture order with

respect to the Administratively Forfeited Property.

5. As part of this Stipulation, the defendant shall forfeit to the United States all right, title and interest he may possess in the following "Subject Property":

- Bersa BP40CC .40 Caliber Pistol, SN: G15523, Magazine and Ammunition;
- Century Arms International Draco NAK9 9mm Pistol, SN: RONVMB71706198, and Magazine, VL: $701.00; and
- 9mm Magazine.

6. As part of this Stipulation, the defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Fed. R. Crim. P. 32.2(b)(5). The defendant knowingly, voluntarily and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

7. As part of this Stipulation, the defendant acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case and waives his rights to challenge any failure by the Court to advise him of this, under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time his guilty plea was accepted, and his sentence was announced by the Court.

8. The defendant's counsel, Abed Hammoud, affirms that he has discussed forfeiture with the defendant and that the defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

Based upon the defendant's guilty plea to Count One of the Information, a violation of 21 U.S.C. § 841, this Stipulation, and other information in the record, and pursuant to 21 U.S.C. § 853, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Subject Property **IS HEREBY FORFEITED** to the United States under 21 U.S.C. § 853 for disposition according to law, and any right, title and interest of the defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2. The Subject Property was involved in the defendant's violation of 21 U.S.C. § 841 and is therefore subject to forfeiture under 21 U.S.C. § 853, and the requisite nexus exists between the Subject Property and the offense of conviction.

3. Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to the defendant at the time it is entered by the Court but remains

preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

4. The forfeiture of the Subject Property shall be made part of the defendant's sentence and included in his Judgment.

5. Upon entry of this Order, the United States, its designee, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and/or the U.S. Marshals Service are authorized, pursuant to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

6. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The

      aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

8. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

//
//
//
//
//
//
//
//

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| <u>S/ K. Craig Welkener</u> | <u>S/ Abed Hammoud (with consent)</u> |
| K. Craig Welkener (DC 1033585) | Abed Hammoud |
| Assistant United States Attorney | Counsel for Cruz Castellanos |
| 211 W. Fort Street, Suite 2001 | Abed Hammoud Law, PLLC |
| Detroit, MI 48226 | 645 Griswold Suite 1717 |
| (313) 226-0248 | Detroit, MI 48226 |
| Kenton.Welkener@usdoj.gov | (313) 303-0427 |
| | abed@abedhammoudlaw.com |
| Dated: September 25, 2023 | Dated: September 26, 2023 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date: September 26, 2023         <u>s/Judith E. Levy</u>
                                 Honorable Judith E. Levy
                                 United States District Judge